UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jodi Lynn Kern,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>　　　　　Defendant. | Case No.: 2:14-cv-1741-JAD-CWH<br><br>**Order Granting Plaintiff's Motion to Remand [Doc. 8]** |

　　This insurance coverage action is subject to plaintiff Jodi Lynn Kern's motion to remand. Doc. 8. Defendant State Farm, who removed this case based on diversity of citizenship, offers a series of speculative assertions why Kern's requests for general, special, and punitive damages, plus attorney's fees, meet the $75,000 amount-in-controversy. Doc. 14. I conclude that State Farm has not carried its burden to show by preponderance of the evidence that the jurisdictional threshold will more likely than not be met. Accordingly, grant Kern's motion and remand this case back to the Eighth Judicial District Court.

**Background**

　　On September 25, 2014, Plaintiff Jodi Lynn Kern sued Defendant State Farm Mutual Automobile Insurance Company in Nevada State Court. Doc. 1-1 at 2-7. Kern alleges that on February 17, 2014, through no fault of her own, she sustained personal injuries in an automobile accident, for which she recovered the $15,000 from the tortfeasor's insurer. *Id.* at 6. She then made a policy-limits demand on her own underinsured policy with State Farm, which was denied. *Id.* at 5-6.

　　Although Kern's complaint does not contain any discrete causes of action, she makes out allegations for breach of contract, unfair claims practices, breach of the implied covenant of good faith and fair dealing, and bad faith. *Id.* at 6. Kern also does not allege specific damages amounts for any of her counts; in her prayer for relief she requests, *inter alia*,

general damage in excess of $10,000; special damages according to the proof at trial; punitive damages in an amount in excess of $10,000; and attorney fees and costs. *Id.* at 6-7.

On October 21, 2014, State Farm removed this case to federal court under 28 U.S.C. § 1441(b). Doc. 1 at 1. State Farm contends that removal was proper based on diversity of citizenship because the parties are from different states and the amount in controversy exceeds $75,000. *Id.* at 2. State Farm contends that while the policy limitations provided Kern a maximum recovery of $15,000, she pleads extra-contractual claims for punitive damages and attorney fees, which raise Kern's theoretical amount of recovery above the $75,000 threshold. *Id.* Kern moves to remand her case back to the Nevada state court, Doc. 8; State Farm opposes that motion. Doc. 14. I find that State Farm has failed to demonstrate that Kern's case value satisfies the $75,000 jurisdictional threshold, grant her motion, and remand this case back to state court.[1]

**Discussion**

U.S.C. § 1441(b) allows removal to federal court based on diversity of citizenship. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." If the court finds that the amount-in-controversy requirement is not met, it should remand the case to state court under 28 U.S.C. § 1447(c).

Federal courts are courts of limited jurisdiction."[2] There is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[3] Therefore the defendant always has the burden of establishing that removal is proper.[4] This burden is usually satisfied if the plaintiff claims

---

[1] I find this matter suitable for disposition without oral argument. Nev. L.R. 78-2.

[2] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[3] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[4] *Id.*

a sum more than the threshold requirement.[5] If the amount of plaintiff's claim is unclear, the defendant must prove that it is more likely than not that the jurisdictional amount has been met.[6] Defendants may rely upon facts presented in the removal petition and any summary judgement type evidence that is related to the amount-in-controversy.[7] Conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden,[8] but the defendant does not need to predict the trier of fact's eventual award with certainty, either.[9] Where the claims added together show by a preponderance of the evidence the threshold amount is met, the amount in controversy is sufficient to establish jurisdiction.[10] The Ninth Circuit, interpreting Nevada Rule of Civil Procedure 8(a), has added the total of any claims "in excess of $10,000" when assessing whether the amount-in-controversy requirement has been satisfied.[11]

**A.   State Farm has not demonstrated that Kern's general and special damages will meet the jurisdictional threshold.**

Kern argues that evaluation of State Farm's petition for removal makes it "abundantly clear that [State Farm] has failed to overcome the strong presumption against removal." *Id.* at 5. Although not addressing every cause of action she brings in her complaint, she points to her current $21,186.12 balance for medical specials—well below the $75,000 threshold. Doc. 8 at 3. Kern also argues that on October 21, 2014, she sent a letter to State Farm that "will . . . confirm [her] request to file a Stipulation and Order to Remand this case back to State Court so that it can be arbitrated," and that "Pursuant to the Stipulation, Plaintiff agrees that her total claimed recoverable damages against Defendant in this action does not, and will

---

[5] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

[6] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[7] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[8] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).

[9] *Id.*

[10] *Matheson*, 319 F.3d at 1091.

[11] *Id.*

not exceed the sum of $75,000." *Id.* at 3. On its face, plaintiff's stipulated amount applied only to contractual claims and attorney's fees, but not any potential tort recovery. *See id.*[12]

In response, State Farm argues that Kern "seeks contractual damages up to the amount of the UIM policy $50,000 per accident," Doc. 14 at 2, but does not deny that Kern's current medical specials total only $21,186.12 only. State Farm also points to Kern's request for "general damages to compensate for the impact the accident allegedly had on [her] life," and since "general damage awards sometimes equal many multiples of the incurred special damages," it is possible that Kern "will seek $50,000 - $75,000 in general damages alone." *Id.* at 5. However, at this time Kern's damage requests in the complaint—which seeks only one award of general damages in excess of $10,000—raise State Farm's current potential liability to some amount over $31,186.12. *See* Doc. 1-1 at 6.[13] State Farm offers no additional specific information or authority suggesting how these two amounts will augment the amount-in-controversy. Thus, State Farm fails to meet its burden to show by a preponderance of evidence that Kern's general and special damages will more likely than not exceed the threshold amount.

**B.    State Farm provides no evidence of punitive damages awards in similar cases.**

To augment these insufficient sums, State Farm argues that Kern's request for punitive damages—currently also alleged as some amount in excess of $10,000—satisfies the jurisdictional amount because under Nevada law the potential for an award of punitive damages in this case could be "far in excess" of $75,000. *Id.* at 6. "Punitive damages are part of the amount in controversy in a civil action,"[14] and a district court may consider punitive damages in determining the amount in controversy when punitive damages are available as a matter of state law.[15] In Nevada, a defendant is liable for punitive damages if

---

[12] Although Kern states that this documentation is attached to her motion to remand, it does not appear to have been properly attached.

[13] *See Matheson*, 319 F.3d at 1091.

[14] *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

[15] *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

Page 4 of 6

the defendant demonstrates a "'[c]onscious disregard' of a person's rights and safety when he or she knows of 'the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences.'"[16] But Kern's complaint does not actually allege that State Farm's denial of her claim was made with conscious disregard for State Farm's rights. Instead, she alleges merely that State Farm acted in "bad faith." Doc. 1-1 at 6.

Even assuming *arguendo* that an adequate prayer for punitive damages has been pled, State Farm has not made any colorable effort to show what amount Kern might recover. NRS § 42.005(b) permits the court to award punitive damages not to exceed "[t]hree hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000." But the removing defendant "must do more than merely point to Plaintiff's requests for damages . . . upon removal it must . . . provide evidence that would permit a reasoned calculation of damages."[17] For example, the defendant may introduce evidence of jury verdicts in analogous cases.[18] State Farm offers virtually no authority that Kern's case is similar to any case in which punitive damages have been awarded. Instead, it points only to Kern's bare punitive damage request and the Nevada's authorizing statute. These speculations fail to demonstrate by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 threshold in this case.

**C.     State Farm's attorney fee arguments are insufficient.**

Finally, State Farm turns to Kern's request for attorney's fees, which it speculates could "total tens of thousands of dollars in a contested bad faith case." Doc. 14 at 6. While

---

[16] *Wyeth v. Rowatt*, 244 P.3d 765, 783 (Nev. 2010) (quoting NRS § 42.005(1)).

[17] *Warkmeister v. Time Warner Inc.*, 2007 WL 201158, at *2 (D. Nev. Jan. 23, 2007); *see also Surber v. Reliance National Indemnity Co.*, 110 F. Supp. 2d 1227 (N.D. Cal. 2000) ("In the absence of any evidence regarding punitive damages, the Court concludes that defendant has failed to meet its burden.").

[18] *See Casas v. Geico Indem. Co.*, 2013 WL 6284152, at *3 (D. Nev. Dec. 4, 2013); *Arias v. Am. Family Mut. Ins. Co.*, 2013 WL 6207749, at *2 (D. Nev. Nov. 27, 2013); *McCaa v. Massachusetts Mutual Life Insurance Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004).

attorney fees may be used to compute the jurisdictional amount,[19] I find State Farm's speculative assertions unpersuasive, especially considering how far State Farm is from being able to satisfy the amount-in-controversy with Kern's other allegations.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Kern's Motion to Remand [Doc. 8] is **GRANTED**. This case is hereby remanded back to the Eighth Judicial District Court, Case No. A-14-707531-C, and the clerk is instructed to close this case.

DATED: December 10, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[19] *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).